DECISION AND JUDGMENT ENTRY
This is a consolidated appeal from a judgment of the Bowling Green Municipal Court, which denied appellants' motions to suppress evidence from a breath testing device. Because the trial court correctly determined that the Ohio Department of Health could rely on the manufacturer's target values of calibration solutions and properly admitted evidence, we affirm.
Both appellants were arrested and charged with driving while under the influence of alcohol and having a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of breath. Those offenses were violations of R.C. 4511.19(A)(1) and (A)(3), respectively, and were misdemeanors of the first degree. Appellant Steven Barchus was arrested on October 29, 1998, while appellant Kevin Raudebaugh was arrested on December 25, 1998. Each submitted to breath tests. The breath testing device had been calibrated with one instrument check solution approved by the Ohio Department of Health.
On February 4, 1999, the trial court conducted a suppression hearing. The court consolidated the hearings set for appellants' motions to suppress evidence with those of five other individuals. All challenged the procedures the Ohio Department of Health had used to approve batch numbers 98080 and 98280 of instrument check solution used to calibrate the intoxilyzer devices. The trial court identified appellants' arguments as raising three issues relating to these batches of calibration solution: 1) whether the Ohio Department of Health's procedures to approve calibration solutions was an abuse of discretion; 2) whether the solutions were unreliable; and 3) whether the Ohio Department of Health had improperly delegated its authority to the manufacturers of the calibration solutions to determine their accuracy. On February 10, 1999, the trial court rejected appellants' arguments and denied their motions to suppress the results of the breath tests.
Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte
transfer this matter to our accelerated docket and hereby render our decision.
Although appellants designate only one assignment of error for appeal, appellants have in fact raised three distinct issues. Appellants assert as their first issue that the Ohio Department of Health abused its discretion by approving calibration solution batch numbers 97280 and 98080 without independently determining a scientifically reliable target value.
Independent manufacturers use a formula to produce the alcohol reference or simulator solutions used to calibrate the devices used to test breath alcohol content in Ohio. See State v.Manzanares (Apr. 16, 1999), Wood App. No. WD-98-033, unreported, appeal dismissed sua sponte (1999), 86 Ohio St.3d 1461. Each manufacturer certifies the amount of alcohol, or "target value", in the solution it produces. Id. After December 1997, each manufacturer randomly tests a statistically adequate sample of each batch of calibration solution to ascertain its "target value". Id. The Ohio Department of Health also tests a smaller sample of the solution independently. Id. If the Ohio Department of Health tests produce a result within an acceptable range of variance from the manufacturer's target value, the Director of the Ohio Department of Health issues a certificate of approval, which permits law enforcement agencies to use the solution to calibrate breath devices. Id. For example, on April 8, 1998, the Director of Health issued a certificate of approval for batch number 98080 of calibration solution, which stated in relevant part:
 "This instrument check solution contains 1,206 mg/mL ethyl alcohol in distilled water. When used according to instrument check forms, it will produce a reading of 0.099 g/210L +. 005 in the approved breath testing instrument, when that instrument is in proper working condition. This solution shall not be used more than three months after its date of first use or more than one year after its date of manufacture, January 13, 1998."
In Manzanares, we determined that the Ohio Department of Health's procedures to issue certificates of approval, outlined above, demonstrated substantial compliance with its regulations. See Ohio Adm. Code 3701-53-04. We noted:
 "While it is the obligation of the Director of Health to approve the target value of each batch calibration solution [sic], there is no regulation concerning how the Director is to scientifically establish or verify the target value". Manzanares, supra.
Appellants have conceded that Manzanares is dispositive of this issue, but suggest that decision is erroneous. We disagree. The Court of Appeals for Franklin County has inferred from our decision in Manzanares that approving a manufacturer's target values of a batch of calibration solution requires an exercise of the Director of the Department of Health's discretion.State v. Kimpton (May 13, 1999), Franklin App. No. 98AP-1048, unreported. That court concluded that the director of health does not abuse its discretion by relying upon the manufacturer's stated target value determined from a statistically adequate sample if the Department of Health's independent testing verified that value.Id.
Appellants rely on the reasoning in a decision of the New Philadelphia Municipal Court to support their positions. Statev. Wolpe (Feb. 24, 1998), New Philadelphia M.C. No. TRC 9607745 A-D, unreported. Their reliance is misplaced because the Fifth District Court of Appeals reversed the municipal court's decision and rejected those reasons four months before the appellants' suppression hearing and a year before appellants submitted their brief on appeal. State v. Wolpe (Sept. 29, 1998), Tuscarawas App. No. 98AP030008, unreported. The Fifth District Court of Appeals concluded that once the Department of Health makes a quality assurance determination using its own procedures to confirm that the test samples fall within the manufacturer's target concentration value, it is not necessary to know the manufacturer's procedures.
Accordingly, appellants' first issue is without merit.
In their second and third issues on appeal, appellants contend that the trial court should not have admitted uncertified documents regarding the testing and approval of the two batches of calibration solution during appellee's presentation. Appellee used nine documents during the testimony of its expert, a forensic toxicologist with the Ohio Department of Health. The toxicologist identified nine exhibits as data analysis pertaining to calibration solution batch numbers 98080 and 97280. Some of the data was provided by the manufacturers of the calibration solution and was not prepared by the Ohio Department of Health. The documents also included Ohio Department of Health certificates of approval and records of Ohio Department of Health testing.
Appellants correctly state that the Ohio Department of Health forensic toxicologist did not have personal knowledge of the manufacturers' data to allow the material to qualify under the business record exception to the hearsay rule. Evid.R. 803(6). However, the documents were not offered for the truth of the data they contained. The documents were offered to illustrate the procedure the Ohio Department of Health used to verify the manufacturers' target values and approve batches of calibration solution. Thus, the documents were not hearsay, and appellants' second issue has no merit.
Appellants then contend that the trial court should not have considered uncertified copies of the calibration checks. Only exhibits Nos. 2, 8, and 9 do not bear an original seal and signature of the custodian of the documents maintained at the Ohio Department of Health. However, the absence of an original seal and signature signifies that the documents are not self-authenticating under Evid.R. 902. Self-authentication under Evid.R. 902 is one method of accomplishing that.
Evid.R. 901(A) requires only that a proponent present evidence to support a finding that the matter in question is what the proponent claims it to be. Appellants questioned the toxicologist's personal knowledge of these documents because the toxicologist did not work for the Ohio Department of Health when they were prepared or reviewed. However, for authentication purposes, it is the witness's personal knowledge that the documents are what they purport to be that is important, not knowledge of their content. While the toxicologist did not participate in the approval of calibration solution batches 98080 and 97280, he had knowledge of the Ohio Department of Health procedures used to approve calibration solutions. That knowledge would encompass the identity of the documents used during those procedures, even though the toxicologist had not participated in the procedures. Consequently, appellants' third argument on appeal is without merit.
Accordingly, appellants' sole assignment of error is found not well-taken.
The judgment of the Bowling Green Municipal Court is affirmed. Costs are assessed to appellants.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
HANDWORK, J., SHERCK, J., PIETRYKOWSKI, J., CONCUR.